KEVIN A. DARBY, ESQ. (#7670)
TRICIA M. DARBY, ESQ. (#7956)  *E Filed July 5th, 2010*
DARBY LAW PRACTICE, LTD.
4777 Caughlin Parkway
Reno, Nevada 89519
Telephone: (775) 322-1237
Facsimile: (775) 996-7290
E-mail: kevin@darbylawpractice.com
        tricia@darbylawpractice.com

Attorney for Pacific Pawnbrokers, Inc.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

In re:                                    CASE NO.    BK-N-09-53610-gwz
                                          Chapter 11
PACIFIC PAWNBROKERS, INC.,
                                          **PLAN OF REORGANIZATION**
            Debtor.
                                          Hearing Time:
                                          Hearing Time:
_____/

**PACIFIC PAWNBROKERS, INC.'S PLAN OF REORGANIZATION**

**ARTICLE I**
**SUMMARY**

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of **PACIFIC PAWNBROKERS, INC.** (the "Debtor") from cash flow from the operation of its business.

This Plan provides for one (1) class of unsecured claims; and one (1) class of equity security holders. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately ten cents on the dollar ($0.10 or 10%). Debtor estimates that unsecured creditors would receive less than two cents on the dollar ($0.02 or 2%) if this were a chapter 7 liquidation case. This Plan also provides for the payment of administrative and priority claims. All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if**

you have one. If you do not have an attorney, you may wish to consult one.

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

2.01   Class 1.   All allowed claims entitled to priority under § 507 of the Code (except administrative expense claims under § 507(a)(2), and priority tax claims under § 507(a)(8)).

2.02   Class 2.   All unsecured claims allowed under § 502 of the Code.

2.03   Class 3.   Equity interests of the Debtor.

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEE'S FEES, AND PRIORITY TAX CLAIMS

3.01   Unclassified Claims.   Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.02   Administrative Expense Claims.   Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03   Priority Tax Claims.   Each holder of a priority tax claim will be paid in full on the effective date of this Plan.

3.04   United States Trustee Fees.   All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01   Claims and interests shall be treated as follows under this Plan:

| CLASS | IMPAIRMENT | TREATMENT |
|---|---|---|
| Class 1 – Administrative Priority Claims | Unimpaired | Class 1 is unimpaired by this Plan, and each holder of a Class 1 Priority Claim will be paid in full, in cash, from the funds paid quarterly by the Debtor to the Plan Fund, as defined and detailed in Section VII, below. Distributions from the Plan Fund shall be first made to allowed Class 1 allowed administrative claims until paid in full, before distributions to any other class on this Plan are made. |

| CLASS | IMPAIRMENT | TREATMENT |
|---|---|---|
| <u>Class 2</u>  General Unsecured Creditors<br><br>**$2,955,492.79** | Impaired | Allowed claims of Class 2 creditors shall receive prorated distributions from the Plan Fund, as defined and detailed in Section VII, below, which payments shall total at least ten-percent (10%) of each allowed Class 2 claim. Payments to the Plan Fund shall first be distributed to pay allowed Class 1 administrative claims. Upon payment in full of all Class 1 claims, payments will be distributed quarterly to the allowed claims of Class 2 unsecured creditors and will continue as detailed in Section VII, below, until all unsecured claims receive at least 10% of their allowed claim.<br><br>All portions of allowed Class 2 claims not paid pursuant to this Plan shall be forever discharged and rendered non-collectable against the Debtor. |
| <u>Class 3</u> -  Equity Security Holders of the Debtor | n/a | All Class 3 claimholders shall retain their interest in the Debtor. |

# ARTICLE V
# ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01    <u>Disputed Claim</u>.  A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02    <u>Delay of Distribution on a Disputed Claim</u>.  No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03    <u>Settlement of Disputed Claims</u>.  The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

# ARTICLE VI
# PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01    <u>Assumed Executory Contracts and Unexpired Leases</u>.

(a)    The Debtor assumes the following executory contracts and/or unexpired leases effective upon the date of the entry of the order confirming this Plan:

| Name of Other Parties to Lease | Description of Contract or Lease |
|---|---|
| **ALLIED I.C. SERVICES** | Commercial Lease for business premises: 701 Ryland Avenue, Reno, Nevada |

(b) The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the effective date of this Plan. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than fourteen (14) days after the date of the order confirming this Plan.

### ARTICLE VII
### MEANS FOR IMPLEMENTATION OF THE PLAN

The Plan will be funded by the Debtor's income from the ongoing operation of its business. Over a 7-year period, or longer if necessary to bring all allowed general unsecured creditors at least 10% of their allowed claim, Debtor will contribute the following sums to fund its Plan (the "Plan Fund"):

| | | |
|---|---|---|
| Quarterly Payments 1 through 8: | $7,5000.00 | $60,000.00 |
| Quarterly Payments 9 through 16: | $12,500.00 | $100,000.00 |
| Quarterly Payments 17 through 28 (or until allowed claims received 10%): | $15,000.00 | $180,000.00 |
| *Total Payments To Plan Fund*: | | **$340,000.00** |

The Debtors will commence quarterly payments to, and distributions from, the Plan Fund on the effective date of this Plan, as defined in Section 8.02, below. Distributions from the Plan Fund shall first be made to pay any and all unpaid Class 1 allowed administrative claims in full. When the Class 1 claims are fully satisfied, quarterly distributions shall commence to the Class 2 general unsecured claims. Any prorated payment to creditors whose claims are not liquidated or disputed shall be paid into a segregated trust account maintained at Darby Law Practice until such claims are an allowed claim, in which event the proceeds shall be disbursed, or such claims shall be disallowed, in which case such sums shall be included in the next disbursement to creditors. All Allowed Class 2 Claims shall receive cash payments totaling at least ten percent (10%) of their allowed claim. Debtor shall pay a total of approximately $340,000.00 to fund this Plan.

## ARTICLE VIII
## GENERAL PROVISIONS

8.01   Definitions and Rules of Construction.  The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

8.02   Effective Date of Plan.  The effective date of this Plan is the eleventh business day following the date of the entry of the order of confirmation.  But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

8.03   Severability.  If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04   Binding Effect.  The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05   Captions.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06   Controlling Effect.  Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Nevada govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

8.07   Corporate Governance.  As required by § 1123(a)(6) of the Code, the Debtor's corporate charter shall prohibit the issuance of nonvoting equity securities.

## ARTICLE IX
## DISCHARGE

9.01   Discharge.  On the confirmation date of this Plan, the debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of

1  Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).

2  DATED this 5th day of July, 2010.

PACIFIC PAWN BROKERS, LLC                    DARBY LAW PRACTICE, LTD

    /s/ BEN DERIAN                                      /s/ KEVIN A. DARBY
By:_____           By:_____
    Ben Derian, President                               Kevin A. Darby, Esq.,
    Debtor                                              Attorney for Debtor