John White, Esq., SB #1741  
WHITE LAW CHARTERED  
335 West First Street  
Reno, NV 89503  
775-322-8000  
775-322-1228 (Fax)  
john@whitelawchartered.com  
Proposed Counsel to the  
Official Committee of Unsecured Creditors

E-filed on September 7, 2010

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:

PACIFIC PAWNBROKERS, INC.,
a Nevada corporation,

Debtor.

_____/

CASE NO: BK-N-09-53610-GWZ

Chapter 11

OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OBJECTION TO DISCLOSURE STATEMENT.

Hearing Date: Sept. 21, 2010  
Hearing Time: 2:00 p.m.

The Official Committee of Unsecured Creditors (the "Committee") objects to the Debtor's Disclosure Statement (DS), filed herein July 5, 2010 on the grounds that the DS does not contain adequate information.

In support of this Opposition, the Committee respectfully represents as follows:

### JURISDICTION AND VENUE

1. On October 14, 2009 (the "Petition Date"), the Debtor filed its voluntary petition ("Petition") for relief under chapter 11 of title 11 of the Bankruptcy Code. The Debtor continues to operate its business and manage its affairs pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been requested or appointed in this case.

2. Jurisdiction to consider this matter is vested in the Court pursuant to 28 U.S.C. §§

1

157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1)(A) and (L). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested in this Application is 11 U.S.C. §§ 1125 and 1103(c) and Rule 3017(a) of the Bankruptcy Rules.

## DISCLOSURE STATEMENT DOES NOT CONTAIN ADEQUATE INFORMATION

### A. Information needed.

Though the DS does not contain referenced exhibits, and though the debtor has not filed Monthly Operating Reports since March, the Committee's primary concern is that the DS gives inadequate detail concerning the manner in which the Debtor transmuted itself from a three pawnshop operation in 2008, able to pay its debts, to a one pawnshop operation on the Petition Date. The substantial (over $3,000,000) in debt in this case was apparently largely incurred prior to 2003, while Debtor was a 4 pawnship operation. The DS, at pages 3 and 4, discusses this store reduction cursorily, and, in the Committee's opinion, not in the detail required 11 USC Sec. 1125(a). The Committee therefore requests the following information, which should be readily available and inexpensive for the Debtor to produce, particularly since Debtor's current president, Ben Derian, has been, according to page 4, line 14 of the DS, the "sole officer and director in control of the Debtor" during the two years proceeding the filing of the Voluntary petition:

### Store 1 (1246 Victorian Ave, Sparks NV).

According to the DS, this store began operation at the 1246 Victorian Ave location in 1991 and was purchased by the City of Sparks in "June" of 2008, less than two years before the Petition was filed. (This sentence assumes that at least one of the confusing references to "Store 3" in the paragraph beginning at line 7 of page 4 of the DS is in reality reference to "Store 1.") Debtor's answer to question 10 in its Statement of Financial Affairs, filed herein 11/12/09 shows that on "3/208" Debtor received $1,600,000 for the sale of the "Sparks Store." This may be and

WHITE LAW
CHARTERED
LAWYERS
20TH CENTURY BLDG.
335 W. FIRST STREET
RENO, NV 89503

T (775) 322-8000
F (775) 322-1228

likely is the same as "Store 1" in the DS. Debtor needs to supplement the DS to show additional information concerning this sale and the proceeds thereof. Was it a cash sale? If so, what precisely was done with the $1,600,000 in cash?

Concerning the inventory in Store 1, the DS says that it was all moved to Store 3, Debtor's current pawnshop at Wells and Ryland. A list of this inventory at the time Store 1 closed and an inventory of the personal property transferred to Store 3 should be provided. Store 3, the only currently operating pawnshop, according to the DS, has been in continuous operation at 701 Ryland since 1991, long before the 2008 sale of the larger Store 1. It is difficult to comprehend that Store 3, due to size limitations, could have accommodated all of the inventory from the larger Store 1. The DS should explain how the inventory from Store 1 was placed or warehoused in Store 3 and give the address of any location other than 701 Ryland that may have accepted or stored, temporarily or otherwise, the inventory from Store 1.

**Store 2 (916 B St Money Mart)**

The DS states that Store 2 opened in 1986 and closed in October of 2008, less than two years before the Petition was filed, due to the economic downturn. The DS should show who owned the Store 2 real property, whether it was leased by Debtor, if so, the monthly rent and the name of the landlord/lessor and the amount of any rent payment.

Again here, Debtor says that the inventory was transferred to Store 3, debtor's current location. Debtor should provide an inventory of assets of Store 2 when it closed and an inventory of assets transferred to Store 3. Debtor should detail how Store 3 accepted, stored and displayed this inventory in its limited space and whether any of that inventory was put in storage and if so where.

**Store 3 (701 Ryland Ave.)**

Debtor should provide monthly operating reports for this, its only current pawnshop, for the months they are missing (April, 2010 - to date). At page 5(f) of the DS (Current

Financial Condition), Debtor states: "The identity and fair market value of the estate's assets are listed in Exhibit A"). Yet no Exhibit A is attached to the DS. It should be supplied. Also, at paragraph C (Liquidation Analysis) on page 12 of the DS, Debtor states; "A liquidation analysis is attached to this DS as Exhibit C". Yet no Exhibit C is attached. It should be supplied.

**All Three Stores**

Question 1 in the standard form Statement of Affairs, filed by Debtor on 11/12/2009, requires Debtor to list its income from operation of business for the two year period prior to filing the Petition. Even longer if Debtor keeps its books on a calendar year basis, a fact which also should be disclosed. As indicated above, according to the DS, Ben Darian, Debtor's current President, has been the sole officer in control during all that time. All 3 stores were in operation during the two years preceding the filing of the Petition. Debtor's answer to Question 1 shows $0 in income during that Period and states that its books and records "are being updated." Debtor has had time to update its books and records. The DS should detail Debtor's income and expenses during the two years preceding the filing of the Petition on a store-by-store basis.

B. Argument

> Precisely what constitutes adequate information in any particular instance will develop on a case-by-case basis. Courts will take a practical approach as to what is necessary under the circumstances of each case, such as the cost of preparation of the statements, the need for relative speed in solicitation and confirmation, and, of course, the need for investor protection.

(quoting H.R.Rep. No. 595, 95th Cong, 1st Sess., 408-409 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5963, 6365).

This cost-balancing is emphasized in BAPCPA (11 USC Sec. 1125(a)(1).

In this Case, as the proposed Plan shows, the Debtor admits that its current operations are woefully insufficient to pay its debt of nearly $3,000,000.00. (Plan proposes a 10% dividend to general unsecured creditors, without interest). It is imperative therefore that the Debtor fully disclose its pre-petition activities and transfers in great detail in order to enable creditors to understand how a company that was able to borrow so much is now able to pay so little.

4

Without the requested information, and any additional information which may be shown to be necessary upon its receipt, there is no way any creditor can determine whether or not to support the Debtor's Plan.

Respectfully submitted this 7th day of September, 2010.

OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF PACIFIC
PAWNBROKERS, INC.


By: PROPOSED COUNSEL, WHITE LAW
CHARTERED (Application To Employ
Pending)

_____
JOHN WHITE, ESQ.
Nevada State Bar #1741
WHITE LAW CHARTERED
335 West First Street
Reno, NV 89503
775-322-8000
775-322-1228 (Fax)
john@whitelawchartered.com

5

# CERTIFICATE OF SERVICE

I hereby certify under penalties and pain of perjury that I am an employee of White Law Chartered and that on this 7th day of September, 2010, I served a true and correct copy of the foregoing OBJECTION TO DISCLOSURE STATEMENT as follows;

☑    a. ECF System:

KEVIN A. DARBY- kevin@darbylawpractice.com, tricia@darbylawpractice.com; melissa@darbylawpractice.com; tiffani@darbylawpractice.com; kendal@darbylawpractice.com;

COURTNEY MILLER O'MARA- comara@lionelsawyer.com, llucero@lionelsawyer.com

U.S. Trustee - RN - 11 USTPRegion17.RE.ECF@usdoj.gov

☑    b. Via First class, U.S. mail, postage prepaid, to the following interested parties:

Pacific Pawnbrokers, Inc.
701 Ryland ave.
Reno, NV 89502

The undersigned further affirms that the preceding document does not contain the Social Security number of any person

Dated: September 7th, 2010

Araceli Gonzalez, Employee
White Law Chartered

WHITE LAW CHARTERED
LAWYERS
20TH CENTURY BLDG.
335 W. FIRST STREET
RENO, NV 89503
T (775) 322-8000
F (775) 322-1228

6