John White, Esq., SB #1741
WHITE LAW CHARTERED
335 West First Street
Reno, NV 89503
775-322-8000
775-322-1228 (Fax)
john@whitelawchartered.com
Counsel to the
Official Committee of Unsecured Creditors

E-filed on November 5, 2010

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

In re:

PACIFIC PAWNBROKERS, INC.,
a Nevada corporation,

                Debtor.
_____/

CASE NO: BK-N-09-53610-GWZ

Chapter 11

FIRST SUPPLEMENTAL OPPOSITION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OBJECTION TO DEBTOR'S DISCLOSURE STATEMENT

Hearing Date: November 9, 2010
Hearing Time: 2:00 p.m.

    The Official Committee of Unsecured Creditors (the "Committee") objects to the Debtor's Disclosure Statement, filed herein July 5, 2010, as supplemented on November 2, 2010 (collectively, the "Disclosure Statement"), on the grounds that the Disclosure Statement does not contain adequate information.

    In support of this Supplemental Opposition, the Committee respectfully represents as follows:

**DISCLOSURE STATEMENT AS SUPPLEMENTED ON NOVEMBER 2, 2010, DOES NOT CONTAIN ADEQUATE INFORMATION**

A. Incorporation

1

The Committee incorporates at this place its objections to the Debtor's original Disclosure Statement, filed herein on July 5, 2010.

B. Additional Information needed re Sale of Store 1 and disposition of Sale Proceeds

Debtor's Supplement discloses that the proceeds from the sale of store number 1 to the City of Sparks in June 2008, was $1.6 million dollars and that from that $1.6 million, $640,000 was paid in "real estate commissions, escrow fees and taxes." (See Supplement, page 2, line 13). The Supplement further discloses that of the $960,000 received by the Debtor, $300,000 was used to "service Debtor's significant unsecured debt obligations" (ibid, line 14) and $660,000 "was used to fund operations." (ibid, line 15). More than 3 or 4 lines of information is needed here. Much more. In fact, the little additional information supplied, only raises further questions.

First, $640,000 used for commissions, fees and taxes is exactly 40% of the sales price. That amount is certainly irregular and at least facially excessive. The Committee has requested copies of Debtor's 2008 and 2009 Federal Income tax returns, to which request Debtor has not responded. The Committee, or at least its counsel, obviously need the ability to review Debtor's financial and tax information. There is much else unknown. For just one example, if the City of Sparks acquired Store 1 under eminent domain or threat thereof, real estate commissions should be minor, if any. Much additional explanation is needed.

Second, as to the $300,000 paid to unsecured creditors, there is no disclosure of which creditors received payment, nor any information concerning the nature of the debt or the relationship, if any, of the unsecured creditor to the Debtor, its officers, directors and shareholders. Disclosure of when these payments were made is necessary to determine whether the Debtor made preferential transfers.

Third, after the sale of Store 1, in June of 2008, Debtor had two stores (stores 2 and 3), though Store Number 2, had not been operating for a year or so. Effectively then, from June

2008 through the Petition Date (October 14, 2009) and, as far as that goes, through the present time, Debtor has operated only Store 3, its present store. Debtor is just now disclosing that Store 3 operations consumed $660,000 during the 16-month period between the sale of Store 1 (June 2008) and the Petition date (October 2009). Yet its MORs on file herein show that Store 3, at least since the Petition was filed, has operated on something of a break-even basis. Disclosure of the details of the "operations" which consumed such a massive amount of Debtor's capital is needed.

In Debtor's Statement of Financial Affairs Item 1 (Income from Operation of Business), Debtor did not report its income from the beginning of 2009 to the Petition Date, or the gross amounts received from business operations during the immediate preceding calendar year. Instead, Debtor states the following:

"Debtor's books and tax returns are being updated by their accountants and the answer to this question will be supplemented as soon as possible."

Statement of Financial Affairs, Docket 1, page 25 of 40. The same quote is also in Docket 13, page 12 of 26. Yet Debtor continues to be unwilling or unable to disclose information which would enable the creditors in this Case to fairly consider the merits of Debtor's Plan.

C. Additional information needed re Valuation of Debtor

The Supplement also does not adequately inform the creditors of Debtor's value as required here, where the Plan contemplates no impairment of equity (See *Bank of America National Trust & Savings Ass'n v. 203 North LaSalle Street Partnership*, 526 U.S. 434, 119 S.Ct. 1411, 143 L.Ed.2d 607 (1999)). The Supplement does not definitively disclose who owns the pawnbroker license for the Debtor, nor, assuming it to be owned by Joseph Schlader, Debtor's

primary shareholder, whether Mr. Schlader or the Debtor paid for it (i.e. does Debtor have equitable ownership in the license).

Even if the license is non-transferable, this should not excuse some reasonable market testing of Debtor's value. For example, other Nevada pawnshops may be interested in purchasing the Debtor.

The Debtor's schedules state that the current lease expired in January of 2010. The Disclosure Statement needs further information here, whether the lease is renewable and if so under what terms, and whether Allied I.C. Services is the owner or a representative of whoever actually owns the property.

Respectfully submitted this 5th day of November, 2010.

> OFFICIAL COMMITTEE OF UNSECURED
> CREDITORS OF PACIFIC PAWNBROKERS, INC.
>
> By: WHITE LAW CHARTERED
>
> _____
> JOHN WHITE, ESQ.
> Nevada State Bar #1741
> WHITE LAW CHARTERED
> 335 West First Street
> Reno, NV 89503
> 775-322-8000
> 775-322-1228 (Fax)
> john@whitelawchartered.com

4

# CERTIFICATE OF SERVICE

I hereby certify under penalties and pain of perjury that I am an employee of White Law Chartered and that on this 5th day of November, 2010, I served a true and correct copy of the foregoing FIRST SUPPLEMENTAL OPPOSITION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OBJECTION TO DEBTOR'S DISCLOSURE STATEMENT, as follows;

    a. ECF System:

KEVIN A. DARBY- kevin@darbylawpractice.com, tricia@darbylawpractice.com; melissa@darbylawpractice.com; tiffani@darbylawpractice.com; kendal@darbylawpractice.com;

COURTNEY MILLER O'MARA- comara@lionelsawyer.com, llucero@lionelsawyer.com

U.S. Trustee - RN - 11 USTPRegion17.RE.ECF@usdoj.gov

    b. Via First class, U.S. mail, postage prepaid, to the following interested parties:

Pacific Pawnbrokers, Inc.
701 Ryland ave.
Reno, NV 89502

Nicholas Rinauro and Susan Belcher Rinauro
P.O. Box 1988
Carson City, NV 89702

The undersigned further affirms that the preceding document does not contain the Social Security number of any person

Dated: November 5, 2010

                                                /s/ Araceli Gonzalez
                                                Araceli Gonzalez, Employee
                                                White Law Chartered

WHITE LAW CHARTERED
LAWYERS
TH CENTURY BLDG.
5 W. FIRST STREET
RENO, NV 89503
(775) 322-8000
(775) 322-1228