NICHOLAS STROZZA, ASSISTANT U.S. TRUSTEE
State Bar # CA 117234
WILLIAM B. COSSITT, #3484
OFFICE OF THE UNITED STATES TRUSTEE
300 Booth Street, Room 3009
Reno NV 89509
Telephone: (775) 784-5335
Fax: (775) 784-5531

Attorneys for United States Trustee
August B. Landis

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case no: BK-N-09-53610-GWZ |
| | Chapter: 11 |
| PACIFIC PAWNBROKERS, INC., | |
| | **MOTION TO CONVERT** |
| | **OR DISMISS CASE** |
| | |
| | Hearing Date: August 24, 2011 |
| Debtor. | Hearing Time: 2:00 p.m. |

      The Acting United States Trustee ("US Trustee"), hereby moves to convert this case to chapter 7 or dismiss this case based upon the Debtor's failure to comply with the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure ("FRBP"), and the United States Trustee Program Guidelines ("Guidelines").

      This Motion is based upon the Debtor's continuing losses and inability to rehabilitate.

      This Motion is based upon the following points and authorities, together with the entire record in this case, of which the US Trustee respectfully requests the Court take judicial notice, and such evidence as may be introduced at the hearing.

**POINTS AND AUTHORITIES**

      Pursuant to 28 U.S.C. § 586(a)(3), the US Trustee is charged with the responsibility for supervising the administration of cases and trustees in cases under chapters 7, 11, 12 and 13 of Title 11. To enable the US Trustee to carry out that duty, Congress has granted the US Trustee standing to raise and to "appear and be heard on any issue in any case or proceeding" brought under the Bankruptcy Code. 11 U.S.C. § 307. "In any case in which the United States trustee finds material

grounds for any relief under section 1112 of title 11, the United States trustee shall apply promptly after making the finding to the court for relief." 28 U.S. C. § 586(a)(8).

A.  **Statement of Facts.**

    1.  The Debtor commenced this case by filing a voluntary petition under chapter 11 on October 14, 2009.  Docket # 1.

    2.  The US Trustee appointed an unsecured creditors committee ("UCC") on November 13, 2009.  Docket # 14.

    3.  January 12, 2011, the Court order the appointment of a chapter 11 trustee pursuant to the stipulation of the US Trustee, the Debtor and the UCC.  Docket # 58.

    4.  The US Trustee appointed Marv Harris as Trustee on January 21, 2011.  Docket # 61.

    5.  March 15, 2011, counsel for the Debtor was allowed to withdraw.  Docket # 76.

    6.  April 11, 2011, by stipulation, the stay was terminated for the Debtor's business location.  The business at that location had stopped several months earlier.  Docket # 88.

    7.  By e-mail on May 23, 2011, Marv Harris resigned as Trustee.

    8.  The UCC has advised the US Trustee that it prefers conversion of this case to chapter 7 over dismissal because some post petition transfers of inventory should be investigated by the chapter 7 trustee.

    9.  The Debtor has failed to file any monthly operating reports since the August 2010 report was filed on September 27, 2010.  Docket # 47.  Reports for the months of September 2010 through June 2011 are now past due.  Prior to the time of the hearing on this motion, the operating report for July 2011 will also have become due.

    10.  The Debtor is delinquent an estimated $2,275.00 for the payment of chapter 11 quarterly fees.

B.  **Discussion.**

    **1. Debtor's continuing losses and inability to rehabilitate.**

The Debtor had one retail location in operation when the petition was filed.  Business at that location was terminated several months ago and the automatic stay was terminated by stipulation from the location.  Docket #88. The Debtor's counsel has been allowed to withdraw and the Chapter 11 Trustee has resigned.

Therefore, this Debtor has no ability to rehabilitate and is suffering continuing losses in the form of the quarterly fees, if no other. Cause for conversion exists pursuant to 11 U.S.C. § 1112(B)(4)(A).

**2. The Debtor's failure to file required Monthly Operating Reports.**

Pursuant to 11 U.S.C. § 704(a)(8), made applicable herein pursuant to 11 U.S.C. §§ 1107(a) and 1106(a)(1), and FRBP 2015, a debtor is required to file monthly operating reports with the Court. Pursuant to Section 4.5.1 of the Guidelines, "on or before the 20th day of the month immediately following the month described in the report," a debtor shall file with the Court a monthly operating report for every month or partial month the case is pending.

The monthly operating reports are intended to disclose pertinent financial information to not only the Court and the US Trustee, but to all parties in interest. This information is then intended to be used to monitor the case and to consider the proper administration and/or liquidation of assets.

The Debtor's failures to generate and file timely, reliable, and adequate monthly operating reports is sufficient "cause" to convert or dismiss this case. 11 U.S.C. § 1112(b)(4)(F).

**3. The Debtor's failure to timely pay quarterly Chapter 11 fees.**

The Debtor has failed to pay an estimated $2,275.00 in chapter 11 fees for the fourth quarters of 2011. Due to the absence of monthly operating reports, the actual amount due cannot be determined, and this amount is subject to change if and when disbursement information is received from the Debtor.

Debtors in chapter 11 proceedings are obligated to pay a fee for each quarterly period, including any fraction thereof, from the date the petition is filed until the case is converted or dismissed, whichever occurs first. 28 U.S.C. § 1930(a)(6). "Failure to pay any fees or charges required" is defined by statute as sufficient "cause" to convert or dismiss a chapter 11 case. 11 U.S.C. § 1112(b)(4)(K).

**CONCLUSION**

The Debtor's inability to reorganize, failures to perform basic required duties, file monthly operating reports and pay chapter 11 fees, are sufficient cause to dismiss or convert this case. 11 U.S.C. § 1112(b).

1  Wherefore, the US Trustee requests that this Court enter an order converting this case to
2  chapter 7 or dismissing this case, and grant such other relief as the Court may deem appropriate.
3  DATED this 29th day of July, 2011.

Respectfully submitted,

Nicholas Strozza
State Bar # CA 117234
William B. Cossitt
State Bar #3484
300 Booth Street, #3009
Reno NV 89509
(775) 784-5335

**/s/ WILLIAM B. COSSITT**
_____
Attorneys for Acting United States Trustee
August B. Landis

**CERTIFICATE OF SERVICE**

1. On July 29, 2011 I served the foregoing MOTION TO CONVERT OR DISMISS CASE

2. I served the above-named document (by the following means to the persons as listed below:

    ☐ a. ECF System:

    ☒ b. U.S. Mail, postage fully prepaid (list persons and addresses):

**STEPHEN R HARRIS**
BELDING, HARRIS & PETRONI, LTD
417 W PLUMB LN
RENO, NV 89509

**PACIFIC PAWNBROKERS, INC.**
701 RYLAND AVE
RENO, NV 89502

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed: July 29, 2011

                                        **/s/ Kimberly Flores**
                                        KIMBERLY FLORES