John White, Esq., SB #1741
WHITE LAW CHARTERED
335 West First Street
Reno, NV 89503
775-322-8000
775-322-1228 (Fax)
john@whitelawchartered.com
Counsel to the
Official Committee of Unsecured Creditors

E-filed on August 10, 2011

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | CASE NO: BK-N-09-53610-GWZ |
| PACIFIC PAWNBROKERS, INC., a Nevada corporation, | Chapter 11 |
| | OFFICIAL COMMITTEE OF UNSECURED CREDITORS' RESPONSE TO OUST'S MOTION TO DISMISS OR CONVERT |
| Debtor. | Hearing Date: August 24, 2011<br>Hearing Time: 2:00 p.m. |

The Official Committee of Unsecured Creditors (the "Committee"), by counsel, objects to the Office of the United State's Trustee's Motion to Dismiss or Convert ("Motion") only to the extent it may result in the dismissal of this Case. The Committee supports the Motion insofar as it seeks to convert this Case to Chapter 7. The reasons[1] the Case should be converted rather than dismissed is that there are assets of this estate available to unsecured creditors which will be lost on dismissal, and that dismissal would, for all intents and purposes, reward Debtor's principals and shareholders for their improper conduct, as follows:

---

[1] This listing of assets and improper conduct is not intended to be exhaustive.

1. <u>Sale to Metro Pawn:</u> This voluntary Chapter 11 case was filed on October 14, 2009 and operated as debtor-in-possession until January 26, 2011, the entry date of this Court's order approving the appointment of Trustee Marv J. Harris. In 2010, Debtor ceased making rent payments to its landlord, and on or about December 1, 2010, vacated its 701 Ryland Avenue pawnshop, being the only brick and mortar store operated by this debtor, post-petition. See Debtor's July 5, 2010 Disclosure Statement, page 4, line 11. On April 11, 2011, this Court approved a stipulation of the parties restoring possession of the 701 Ryland premises to the landlord. As a result, Debtor was forced to sell the unsold inventory situated at that physical location. Debtor apparently sold such inventory to Metro Pawn on or about December, 2010. As the Debtor in Possession has not filed a MOR since August, 2010, it has never accounted for these sale proceeds. Further, undersigned has reviewed this Court's docket and finds no order authorizing or approving the sale to Metro Pawn. See also August 10, 2011 Declaration of John White, filed separately herewith ("Declaration of White") and the flyer attached thereto as Exhibit A.

2. <u>pawnpacific:</u> Debtor has, beginning on approximately October 7, 2008, and continuing through the present time, sold more than 5,700 items through its online eBay operation, pawnpacific. See Declaration of White, par. 4. Even at this late date, Debtor still has some 42 items listed for sale on its said eBay site. Debtor has not accounted to this Court for revenues and expenses relating to this business since it stopped filing operating reports about a year ago. The Committee is informed and believes that this established online business, with its high eBay

WHITE LAW
CHARTERED
LAWYERS
20TH CENTURY BLDG.
335 W. FIRST STREET
RENO, NV 89503

T (775) 322-8000
F (775) 322-1228

2

positive feedback rating, may have value to the creditors. Conversion will likely result in closing of Debtor's business, unless it is sold before the order of conversion becomes effective. As the Trustee, Marv J. Harris, has apparently resigned, the Committee would like an opportunity to offer this business for sale prior to the effective date of any order of conversion.

3. <u>Inventory adjustments:</u> Five entries were made to Debtor's accounts on October 12, 2009, two days before the petition date, that eliminated $1,692,606.67 in Debtor assets including $1,502,887.81 for "Inventory - Available." See Declaration of White, paragraph 3. Each of these five entries reflected the expense account that the assets were charged to was "Ask Joe", a reference, which the testimony at the 341 hearing made clear, was to Joe Schlader, Debtor's majority shareholder. This inventory may represent goods purchased by the Debtor pre-petition and offered for sale or sold through its' pawnpacific eBay store, supra.

4. <u>Shareholder notes receivable:</u> Though this matter is difficult to summarize, it is noted, for example, that Debtor's original October, 2009 MOR shows (page 7 of 13) under "Other Assets", shows $1,085,293 for "loans to shareholders." The amended October 2009 MOR, filed 9/27/10, shows "loans to shareholders" of $939,955. The MOR filed 4/28/11 by Trustee Marv Harris for the month ended 2/10/11 shows "loans to shareholders" of $811,274 and "loans to affiliates" of $128,681 representing the same $939,955. There is nothing undersigned has been able to find in the Docket which shows the disposition of this asset.

WHITE LAW
CHARTERED
LAWYERS
20TH CENTURY BLDG.
335 W. FIRST STREET
RENO, NV 89503

T (775) 322-8000
F (775) 322-1228

3

In conclusion, it is true that the Debtor apparently has few readily available assets and that it may require significant work by a Chapter 7 Trustee to obtain funds sufficient to engage in any litigation that may be required in order to make those assets available for payment of administrative expenses and creditors.  It is further true that the OUST has already, at the request of the Committee, appointed Marv J. Harris as Chapter 11 Trustee, an appointment that, regretfully, has not worked out.  Neither Debtor nor the Trustee has filed any such litigation to date, and its time to do so expires in early October of this year. 11 U.S.C. 546(a)(1)(A).

A Chapter 7 Trustee would have at least until January 20th of 2012 to look into these issues. 11 U.S.C. 546(a)(1)(B)[1].

There is little doubt but that Debtor has used the Bankruptcy Code in numerous improper ways and that if the Case is dismissed, Debtor's principals will have benefited from their improper conduct. -

Respectfully submitted this 10th day of August, 2011

>OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF PACIFIC PAWNBROKERS, INC.
>
>By: WHITE LAW CHARTERED
>
>/s/ John White
>JOHN WHITE, ESQ.

---

[1] One alternative to conversion, which the Committee thinks to be preferable to dismissal, would be for the Committee itself to, with the Court's permission (11 USC 1103(c)(5)), assert the rights of a Chapter 11 Trustee within the confines of the existing Chapter 11, or, perhaps, to have still another Chapter 11 Trustee appointed.

4

WHITE LAW CHARTERED
LAWYERS
20TH CENTURY BLDG.
335 W. FIRST STREET
RENO, NV 89503

T (775) 322-8000
F (775) 322-1228